UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22467-CIV-LENARD/O'Sullivan
[CONSENT CASE]

ABELARDO MILLAN DIAZ, EDUARDO ALVAREZ DIAZ, ANIBAL GIRONELLE, JORGE LUIS MARTINEZ, and others similarly-situated,

    Plaintiffs,

vs.

TRITON WINDOW DISTRIBUTORS, INC. a Florida corporation, and ALEJANDRO ACOSTA, individually,

    Defendants.
_____/

## AMENDED FLSA COMPLAINT

COME NOW, Plaintiffs, ABELARDO MILLAN DIAZ ("MILLAN DIAZ"), EDUARDO ALVAREZ DIAZ ("ALVAREZ DIAZ"), ANIBAL GIRONELLE ("GIRONELLE"), and JORGE LUIS MARTINEZ ("MARTINEZ") by and through their undersigned attorney, and hereby sue Defendants, TRITON WINDOW DISTRIBUTORS, INC., a Florida corporation and ALEJANDRO ACOSTA, individually (hereinafter collectively referred to as "the Employer", except when referred to individually), and allege:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, TRITON WINDOW DISTRIBUTORS, INC. is a Florida corporation, which at all times material hereto, was doing business within the jurisdiction of the District Court of the Southern District of Florida, where Plaintiffs were employed, and at all times material hereto was and is engaged in interstate commerce.

4. This action is brought by Plaintiffs to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets and/or handled its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs and those similarly-

situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiffs were within interstate commerce.

7. The individual Defendant, ALEJANDRO ACOSTA ("ACOSTA"), is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs and opt-in plaintiffs. Moreover, ACOSTA controlled the purse strings for the corporate Defendant.

## COUNT I
## UNPAID OVERTIME

8. Plaintiffs re-allege and re-aver paragraphs 1 through 7 as fully set forth herein.

9. The corporate Defendant is a window and door installation company. Plaintiffs were employed to install windows and doors.

10. Plaintiff MILLAN DIAZ was employed from approximately May 2009 through the present and ongoing date, but stopped performing manual work on March 23, 2012. Mr. MILLAN DIAZ was paid $10.00 per hour from May 2009 through May 2010, $11.50 per hour from June 2010 through May 2011, and $13.50 per hour from June 2011 through March 2012. MILLAN DIAZ worked an average of 50 hours per week from May 2009 through July 2011, and worked an average of 42.55 hours per week from July 2011 through March 2012. MILLAN

DIAZ was not paid time-and-a-half wages for all hours worked in excess of forty (40) hours per week. He calculates his overtime damages as follows: [1]

> **July 2009 through July 21, 2010**
> 10 overtime hours x $15.00 overtime rate = $150.00
> $150.00 x 50 weeks [excludes 5 weeks from period] = $7,350.00
>
> **July 22, 2010 through February 28, 2011**
> 10 overtime hours x $17.25 overtime rate = $172.50
> $172.50 x 29 weeks [excludes 3 weeks from period] = $4,830.00
>
> **March 1, 2011 through July 6, 2011**
> 10 overtime hours x $17.25 overtime rate = $172.50
> $172.50 x 18 weeks [excludes 1 week from period] = $2,932.50
>
> **July 7, 2011 through March 23, 2012**
> 2.5 overtime hours x 20.25 overtime rate = $50.63
> $50.63 x 34 weeks [excludes 3 week from period] = $1,771.88
>
> Total overtime wages: $16,833.75 x 2 (liquidated damages) = $33,667.50

11. Plaintiff ALVAREZ DIAZ was employed from approximately April 2010 through November 25, 2010. ALVAREZ DIAZ was paid $10.00 per hour and worked an average of 52.5 hours per week. ALVAREZ DIAZ was not paid time-and-a-half wages for all hours worked in excess of forty (40) hours per week. He calculates his overtime damages as follows: *(footnote 1)*

> **July 1, 2010 through November 20, 2010**
> 10 overtime hours x $15.00 overtime rate = $150.00
> $150.00 x 20 weeks = $3,000.00
>
> Total Overtime wages: $3,000.00 x 2 (liquidated damages) = $6,000.00

---

[1] The hours worked are estimated as a matter of inference as allowed by law. see *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946); *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 115-6 (11th Cir. 2007). Accordingly, Plaintiffs reserve the right to amend any calculations set forth in this Complaint until such time as discovery is taken.

12.     Plaintiff GIRONELLE was employed from approximately August 19, 2010 through October 26, 2012. GIRONELLE was paid $7.00 per hour between August 19, 2010 through February 2011, $10.00 per hour between February 2011 through October 2012, and $11.00 per hour between November 2011 through October 2012.  GIRONELLE worked an average of 50 hours per week from August 19, 2010 through July 2011, an average of 42.5 hours per week from July 2011 through March 2012, and an average of 50 hours per week from March 2012 through October 26, 2012. GIRONELLE was not paid time-and-a-half wages for all hours worked in excess of forty (40) hours per week.  He calculates his overtime damages as follows (footnote 1):

> **August 19, 2010 through February 2011, when Federal Minimum Wage was $7.25 per hour**
> 10 overtime hours x $3.63 per hour = $36.30
> $36.3 x 25 weeks = $907.50
>
> **February 2011 through July 2011**
> 10 overtime hours x $15.00 overtime rate = $150.00
> $150.00 x 19 weeks = $2,850.00
>
> **July 2011 through October 2011**
> 2.5 overtime hours x $15.00 overtime rate = $37.50
> $37.50 x 14 weeks = $525.00
>
> **October 2011 through March 2012**
> 2.5 overtime hours x $16.50 overtime rate = $41.25
> $41.25 x 22 weeks = $907.50
>
> **March 2012 through October 2012**
> 10 overtime hours x $16.50 overtime rate = $165.00
> $165.00 x 30 weeks = $4,950.00
>
> Total overtime wages: $10,140.00 x 2 (liquidated damages) = $20,280.00

13.     Plaintiff MARTINEZ was employed from approximately May 2011 through November 2011. MARTINEZ was paid $9.00 per hour between May through June 2011, and

worked an average of 50 hours per week. MARTINEZ was paid $10.00 per hour between July 2011 through November 2011 and worked an average of 42.5 hours per week. MARTINEZ was not paid time-and-a-half wages for all hours worked in excess of forty (40) hours per week. He calculates his overtime damages as follows (footnote 1):

> **May 2011 through June 2011**
> 10 overtime hours x $13.50 overtime rate = $135.00
> $135.00 x 4 weeks = $540.00
>
> **July 2011 through November 2011**
> 2.5 overtime hours x $15.00 overtime rate = $37.50
> $37.50 x 21 weeks = $787.50
>
> Total Overtime Wages: $1327.50 x 2 (liquidated damages) = $2,655.00

14. The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiffs.

15. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay them the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendants intentionally failed to pay Plaintiffs their overtime wages as Defendants had knowledge of Plaintiffs' schedule and the overtime hours that Plaintiffs worked, and showed reckless disregard by failing to determine if their pay-practices complied with the provisions of the FLSA concerning the payment of overtime wages. Defendants remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages.

17.	Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs and those similarly-situated employees entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  Plaintiffs are also entitled to injunctive relief restraining Defendants from committing any future FLSA violations.  In the event that Plaintiffs and those similarly-situated do not recover liquidated damages, then Plaintiffs and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

COUNT II
RECOVERY OF MINIMUM WAGE
AGAINST THE EMPLOYER

18.	Plaintiff GIRONELLE realleges and reavers paragraphs 1 through 17 as fully set forth herein.

19.	During the period August 19, 2010 through February 2011, GIRONELLE worked an average of 50 hours per week and was paid an average of $7.00 per hour. The FLSA as well as Florida minimum wage law required the Employer to pay Employees at the rate not less than $7.25 per hour during the period of July 24, 2009 through June 1, 2011.  Plaintiff estimates his minimum wage claim as follows (footnote 1):

**August 19, 2010 through February 2011**
50 hours x $0.25 per hour = $12.50 per week
$12.50 per week x 25 weeks = $312.50

$312.50 x 2 (liquidated damages) = $625.00

20. Defendant knew GIRONELLE'S schedule and the amount of wages he was receiving per week. Defendants knew or should have known that his wages fell below the statutory minimum wage. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as required by the laws of the United States as set forth above and remains owing him back wages. Defendants remain owing GIRONELLE these minimum wages for the period set forth above, and Plaintiff is entitled to recover double damages

21. As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid minimum wage compensation.

22. The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiffs.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from Defendant pursuant to the Fair Labor Standards Act, as cited above, to be proven at the time of trial for minimum wages owing to Plaintiff, liquidated damages, or as much as allowed by law, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF, to Jose F. Torres, Esq. of The Law Offices of Campbell & Malafy, 1000 Ponce de Leon Boulevard, Suite 205, Coral Gables, Florida 33134, on this 6th day of November, 2012.

        THE LAW OFFICES OF
        EDDY O. MARBAN
        1600 Ponce De Leon Boulevard
        Suite 902
        Coral Gables, Florida 33134
        Telephone (305) 448-9292
        Facsimile (305) 448-9477

        By: ___*s/Isaac Mamane*___
            EDDY O. MARBAN, ESQ.
            marbanlaw@gmail.com
            Fla. Bar No. 435960
            ISAAC MAMANE, ESQ.
            mamane@gmail.com
            Fla. Bar No. 44561